UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DGG PROPERTIES CO., INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:07-CV-00226 (SRU) |
| ) | |
| -against- ) | |
| ) | |
| GIOVANNI'S II, INC., ) | March 17, 2010 |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S CROSS-MOTION TO ENFORCE
SETTLEMENT AGREEMENT AND IN FURTHER
SUPPORT OF ITS MOTION TO ENFORCE**

**Preliminary Statement**

Rather than acknowledge that, through inadvertence or otherwise, it placed advertisements which violate the carefully-crafted Settlement Agreement the parties negotiated, DGG Properties Co., Inc. ("DGG") has taken the unfortunate tact of retaining new counsel, adopting a specious interpretation of the agreement and mischaracterizing the nature of the subject publications. DGG's positions lack legal merit and have only served to impede the speedy administration of justice and increase the costs incurred by Giovanni's II, Inc. ("Giovanni's"). The Giovanni's motion to enforce should be granted and the DGG motion denied.

**ARGUMENT**

**I.**

**DGG'S ADVERTISEMENT IN
CONNECTICUT MAGAZINE PLAINLY
VIOLATES THE SETTLEMENT AGREEMENT**

While DGG will no doubt hide behind the attorney-client privilege to prevent the Court and Giovanni's from learning the true reason for it making yet another change of counsel,

it appears safe to presume that the attorneys who negotiated the Settlement Agreement on behalf of DGG, mindful of the mandates of Fed. R. Civ. P. 11, refused to endorse the litigation positions that it DGG now expressing. The DGG position turns on the definition of the word "adjacent" and its meaning on the context of the Settlement Agreement. As the Court knows from its own participation in the negotiations, there is no ambiguity to the mandate regarding any advertising purchased by either of the parties.

The simple and unmistakable obligation imposed on each party by Section 1 of the Agreement was that the "secondary words" be used with and adjacent to the words "Water's Edge" whenever and wherever the phrase "Water's Edge" was used in purchased advertising. As DGG's counsel acknowledged when the advertisement was brought to his attention, the advertisements DGG placed in the January 2010 and February 2010 editions of <u>Connecticut Magazine</u> do not meet that important mandate. Instead, the primary and dominant presentation in the DGG advertisements is "Weddings at Water Edge" standing alone without the secondary words. That the secondary words appear in other areas of the advertisements does not excuse their absence from all required places. The advertisement and violation speak for themselves.

## II.

### GIOVANNI'S DID NOT PLACE ANY VIOLATING ADVERTISEMENTS WITH <u>THE CONNECTICUT BRIDE</u> OR WITH <u>WEDDING SITES AND SERVICES MAGAZINE</u>

DGG alleges that Giovanni's breached the Settlement Agreement by virtue of entries appearing in <u>The Connecticut Bride</u> and <u>Wedding Sites and Services</u> publications. The fatal flaw to the DGG allegation is that neither instance that DGG is complaining about represents advertising purchased by Giovanni's. As DGG well knows, in both situations, the "offending" material consists of an index or directory prepared by the magazine itself without

any input or opportunity for any advance review by Giovanni's. In fact, Giovanni's has not purchased advertising in The Connecticut Bride since the effective date of the Settlement Agreement. The advertisements Giovanni's did purchase after the effective date of the Settlement Agreement in Wedding Site and Services and elsewhere comply with the mandated guidelines in all respects. Indeed, it is noteworthy and an indication of the deceptive approach DGG has taken with respect to this motion that DGG omitted those advertisements from its presentation to the Court. There has not been any violation by Giovanni's.

## CONCLUSION

The DGG position on the instant motion and cross-motion lacks good faith or legal foundation. The Court should direct DGG to pay liquidated damages to Giovanni's pursuant to the terms of the Settlement Agreement plus, as sanctions, the cost Giovanni's incurred with the instant motion and cross-motion.

GIOVANNI'S II, INC.

By: /s/ Mark S. Gregory
Mark S. Gregory (ct01252)
Martin Chioffi LLP
177 Broad Street
Stamford, Connecticut 06901
(203) 973-5200
(203) 973-5250 (facsimile)
mgregory@martinchioffi.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2010, a copy of the foregoing Defendant's Memorandum in Opposition to Plaintiff's Cross-Motion to Enforce Settlement Agreement and in further Support of Its Motion to Enforce were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: /s/ Mark S. Gregory
    Mark S. Gregory (ct01252)
    Martin Chioffi LLP
    177 Broad Street
    Stamford, Connecticut 06901
    (203) 973-5200
    (203) 973-5250 (facsimile)
    mgregory@martinchioffi.com